ATLANTIC COAST LINE RAILWAY, *Plaintiff in Error,* v. DAVID J. HOBBS, *Defendant in Error.*

Opinion filed February 5, 1916.

In an action for damages against a railroad company for injuries sustained by the running of a train, where the plaintiff and defendant were both at fault when the injuries occurred, and the damages were not diminished in proportion to the fault attributable to the plaintiff as required by the statute, a new trial should be awarded.

Writ of Error to Circuit Court, DeSoto County; F. A. Whitney, Judge.

Judgment reversed.

*Sparkman & Carter,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

PER CURIAM.—Hobbs obtained a judgment for $1,500.00 against the railroad company for injuries to

himself and his automobile sustained by a collision at a railroad crossing on a street in a town, and the company took writ of error. The proven value of the automobile injury is perhaps less than $400.00, and the personal injuries were not very great. There is evidence that the plaintiff as well as the defendant was negligent, in which case the statute requires the damages to be diminished in proportion to the amount of default attributable to the plaintiff. Sec. 3149 Gen. Stats. of 1906. Where the amount of damages awarded indicates that the jury did not diminish the damages sustained by the plaintiff in proportion to the fault attributable to the plaintiff as required by the statute, the judgment will be reversed. Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641.

The judgment is reversed and a new trial awarded.

All concur, except COCKRELL, J., absent by reason of sickness.