HARRY A. EGLEY, *Plaintiff in Error,* v. SEABOARD AIR LINE RAILWAY COMPANY, *Defendant in Error.*

Opinion filed July 25, 1922.

1.  One who approaches a railroad crossing in an automobile at a point where an approaching train may be seen at a great distance and fails to wait for the passing of the train which may be seen approaching before undertaking to cross, but drives his automobile slowly upon the track in front of the approaching train cannot be said to have exercised reasonable precaution for his own safety, and not to have been the sole cause of his own injury if he sustains any by the train.

A Writ of Error to the Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment affirmed.

*Hilton S. Hampton, W. B. Shelby Crichlow* and *Isaac Breeding, Jr.,* for Plaintiff in Error;

*Knight, Thompson & Turner* for Defendant in Error.

PER CURIAM.—Mr. Egley, the plaintiff in error in April, 1920, while attempting to cross the track of the Railroad Company in his automobile at a place called Saunders Crossing in Manatee County was seriously injured by a rapidly approaching train of the Seaboard Air Line Rail-

way Company which destroyed his automobile and inflicted upon him the injuries for which he sought compensation in damages in an action against the Company.

At the point where the accident occurred the public road, which was used by people living in the neighborhood and others traveling in automobiles and other conveyances as part of a detour from the main public thoroughfare, crossed the railroad track which for a long distance ran almost in a straight line north and south and was unobstructed by any hills or cuts, buildings or woodland.

The crossing was not in such condition as that an automobile could cross rapidly without much jolting and shaking of the occupants of the car. Mr. Egley approached the crossing in his car at a speed of about four or five miles an hour and as he reached the main track of the Company noticed for the first time a rapidly approaching train which ran upon his car destroying it and inflicting injuries upon him.

He brought an action in the Circuit Court for Hillsborough County. At the conclusion of the testimony for the plaintiff and defendant the court instructed the jury to return a verdict in favor of the defendant and judgment was entered for the defendant to which the plaintiff took a writ of error.

We have examined the evidence as contained in the bill of exceptions and are of the opinion that there was no error in directing a verdict for the defendant.

The evidence clearly shows that any one in possession of his sense of sight who undertook to cross the railroad track at the point stated could have, by the exercise of reasonable precaution, seen an approaching train from either direction for a great distance and in ample time to

have stopped his automobile traveling at a low rate of speed and waited for the passing of the train. This reasonable precaution, which under the circumstances should have been exercised by Mr. Egley, was not observed by him and he drove upon the track of the railroad company in front of a train which according to his witnesses was approaching the crossing at a high rate of speed.

Mr. Egley said that he had just recovered from an attack of typhoid fever and was just able to go back and forth from his home to his farm. It may be that such illness impaired both his sense of sight and sense of hearing or rendered him less able to accurately judge distances and the motion of moving bodies. But he said that neither his sight nor his hearing were impaired and yet, he seemed to have mistaken the approaching train for a car standing upon the track and which he thought was being loaded or unloaded. The witness introduced in his behalf, however, said that it was a rapidly moving train going at the rate of from twenty-five to forty miles an hour.

Others who witnessed the accident and who were in the neighborhood both saw and heard the train approaching and heard the calls and whistling and noises made by the man on a gondola car which was immediately in front of the engine and being pushed by it. The whistling and noises made by the men on the gondola car were made to attract the attention of Mr. Egley and warn him of the approaching train. He drove, however, slowly upon the track and his car seemed to have stopped on the main line and before he could extricate himself from the situation he was run down by the train.

The judgment of the court is affirmed on the authority of the Seaboard Air Line Ry. v. Tomborlin, 70 Fla. 435, 70 South. Rep. 437; Louisville & N. R. Co. v. Padgett, 71

Fla. 90, 70 South. Rep. 998; Louisville & N. R. Co. v. Harrison, 78 Fla. 381, 82 South. Rep. 89.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.