This is an action to recover from the defendant railroad company damages alleged to have been sustained by plaintiff as a result of a collision between an automobile, owned and driven by plaintiff, and a train, owned and operated by defendant. The collision occurred at a crossing of a public highway and a track of defendant's line of railroad. The damages alleged are the destruction of plaintiff's automobile and personal injury sustained by him, with expenses incident to treatment by a physician for such injury. Pleas of not guilty and of contributory negligence were interposed and upon the issues made the case was tried. The verdict was for plaintiff for $1,200, but upon motion for new trial and in compliance with the court's order there was a remittitur of $400, and judgment was entered accordingly.
Upon consideration of the assignments of error we have reached the conclusion that under the facts proved the case is within the rule announced in cases of this kind that where the evidence affirmatively shows that the person sustaining the damages alleged failed to exercise the degree of prudence which the known risks require, but negligently attempted to pass over a crossing in front of a rapidly approaching train, there can be no recovery.
The accident occurred in the day time. It was a prominent and frequently used crossing. The plaintiff, who was *Page 99 
driving the car, was familiar with the crossing. He was, so far as the evidence discloses, in possession of his normal senses. Upon the question of whether the whistle was blown or the bell rung or other signal given by the train on its approach, there is conflict in the evidence. But from the evidence, including photographs of the crossing and its environs, contained in the record, it appears that for some distance before reaching the crossing the view from the highway in the direction from which the train was coming was unobstructed, so that its approach was obvious to one exercising his normal faculties of sight and hearing.
The judgment is reversed upon authority of Egley v. S. A. L. Ry. Co., 84 Fla. 147, 93 South. Rep. 170; L. N. R. R. Co. v. Padgett, 71 Fla. 90, 70 South. Rep. 998; S. A. L. Ry. Co. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437; Bradley v. Missouri Pac. R. Co., 288 Fed. 484.
Reversed.
WHITFIELD, P. J., AND TERRELL, J., concur.
TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.