WALKER v. STATE.*

(Division A.   June 15, 1926.)

[108 So. 899.   No. 25556.]

1. HOMICIDE.
   Facts *held* to warrant conviction for manslaughter.

2. CRIMINAL LAW.
   If witness, after testifying in murder case, had been committed for contempt in presence of jury, reversal would be authorized.

3. CRIMINAL LAW.
   Request of district attorney to hold witness for contempt, which trial court declined, *held* not reversible error.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 835, n. 17; Homicide, 30CJ, p. 316, n. 68.

APPEAL from circuit court of Yazoo county.
· HON. W. H. POTTER, Judge.

Wayman Walker was convicted of manslaughter, and he appeals. Affirmed.

*J. G. Holmes* and *R. R. Norquist,* for appellant.

I. *The verdict of the jury is contrary to the evidence.*
The overwhelming testimony showed that at the time
the appellant drew his pistol and fired upon the deceased,
the deceased was cursing and threatening him and ad-
vancing upon him with a knife, and that it was necessary
for the appellant to fire in order to save himself from
death or great bodily harm at the hands of the deceased.
This overwhelming testimony on the part of the defense,
coupled with the physical fact as to the location of the
wound, the evidence of the good character of the ac-
cused, the undisputed fact that the deceased had a knife,
the undisputed fact that the difficulty was wholly pro-
voked by the deceased, considered in the light of the
contradictory, unreasonable, and unsatisfactory evidence
for the state, demonstrates conclusively that the ver-
dict of the jury was manifestly wrong, and that the case
should be reversed.

II. *The conduct of the district attorney in undertak-
ing in the presence of the jury to commit for contempt of
court Chris Oats, a white man and defendant's princi-
pal witness, was highly prejudicial to the defendant,
and the trial court erred in overruling the defendant's
objection thereto.* The district attorney's conduct, oc-
curring as it did in the presence of the jury, was intended
to, and had the effect of thoroughly discrediting this
witness, who was not only a material witness for the de-
fense, but was one of the two white men who were de-
fendant's eye-witnesses to the difficulty. It was a direct
charge made by the district attorney against this wit-
ness in the presence of the jury that he had undertaken
to intimidate the state's witnesses who were under the
rule of the court, and that he was, therefore, guilty of
contempt of court and guilty of a crime. The action of
the court in refusing to sustain the objection of appel-
lant's counsel to this conduct was equivalent to giving

sanction in the presence of the jury to the charge made against the witness by the district attorney. See *Johnson* v. *State* (Miss), 105 So. 851.

If the charge of the district attorney against the witness had been justified, although the record shows that it was not, the action of the district attorney should have taken place out of the presence of the jury, and since it did not take place out of the jury's presence, the objection of the appellant thereto should have been sustained by the court, and the jury directed to disregard such conduct, so that the sanction of the court might not have been given to this unjust charge preferred by the district attorney against this witness, and so that the great weight of the influence of the trial judge might not have been thrown in the balance as against this appellant.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I.   It is true that the witnesses for the state vary somewhat as to the details of this difficulty and some of them flatly contradict others as to the material facts. This goes to their credibility and to the weight to be given to their evidence, but does not render their testimony "wholly unworthy of belief," as is so strongly urged by counsel for appellant. The jury was the sole judge of the weight of the evidence and the credibility of the witnesses. The jury has found the theory of the state to be true and in determining this cause on appeal, every fact testified to by the state's witnesses to prove the theory of the state must be taken as true.

II.   On cross-examination of Chris Oats, a witness for the defendant, the district attorney questioned him with reference as to whether or not he had tried to intimidate Flannagan Turnage, a witness for the state. Oats admitted that he knew Turnage was a witness for

the state and admitted that he had told this witness that he had sworn to a damn lie.

It will be noted that the court immediately, upon the request of the district attorney to have this witness held for contempt, ordered the trial to proceed and paid no attention to the request of the distrist attorney, except to order him to proceed with the trial. Attorneys for the defendant "excepted" to the request of the district attorney. They also "excepted" to the remarks of the judge. They did not request the judge to instruct the jury with reference thereto; they did not ask the judge to do anything about the matter at all. They went on with the trial of the cause, taking their chance of a favorable verdict at the hands of the jury. The judge ignored the request of the district attorney to find the witness guilty of contempt.

The Johnson case cited by counsel for appellant has no application here. In that case the court ordered a witness held to await the action of the grand jury. The jury knew that the judge was of the opinion that the witness was a criminal and this might have influenced the weight given by it to the testimony of such witness. The position occupied by the judge as an impartial court and the position occupied by the district attorney as a prosecutor for the state are quite different. The act and request of the district attorney cannot work a reversal of this cause.

McGOWEN, J., delivered the opinion of the court.

Upon an indictment for murder, appellant was convicted in the lower court of manslaughter, and sentenced to serve a term of five years in the state penitentiary.

The negroes on the Swayze and Oats plantations came together on a certain Saturday afternoon to engage in a match game of baseball. As frequently occurs, the umpire called a ball a "foul," and thereupon the two teams lectured the umpire as to whether the ball was a foul or a fair one, and dissension arose between the two teams and their adherents from the two plantations,

each faction loyal to its side. In the midst of the melee, there being more than one hundred persons present, including some white people, the appellant, Wayman Walker, and the deceased, Jim Page, argued the question in true sailor style, complimenting each other with the pet profanity of the times, finally resulting in Walker drawing his revolver and firing a shot which crossed the home plate and struck the deceased about or near the spinal cord in the back, between the shoulders, from which wound the deceased became paralyzed and finally died.

Counsel for appellant insists that the verdict of the jury is contrary to the evidence, because the evidence is contradictory, and because many witnesses are not in agreement as to how the difficulty arose and terminated. It is certain that the defendant said, in answer to a question from the district attorney:

"He made me mad is the reason I shot him. Yes, sir; that is the reason I shot him, I was mad."

We do not find any good reason for reversing the finding of the jury on the facts, and think the jury warranted in arriving at the conclusion reached by it in this case.

The other assignment of error is that, the district attorney having shown by Mr. Oats that, while the case was being tried, he (Oats) approached one of the witnesses, and told him that he (the witness, Flannagan Turnage) "told a damned lie in this case," whereupon this colloquy ensued:

"By District Attorney: I would like for this witness to be held for contempt of this court.

"By the Court. Proceed with the case.

"By Attorney for Appellant: I want to take special exception to the action and remarks of the district attorney with reference to this witness. It is not shown that the witness has done anything improper, even to the witness Flannagan Turnage.

"By the Court.: I don't think I am called on to decide. I will overrule the objection. .

"By Attorney for Appellant: We except.

"By District Attorney: You have taken every way possible to get all the evidence you could in favor of this defendant, even to. going out and cursing out the state's witnesses."

By the above excerpt from the. record it will be seen that the district attorney undertook, in the presence of the. jury, to have Mr. Oats committed for contempt in the intimidation of this witness, Flannagan Turnage. All. the court did was to direct the district attorney to proceed with the case. Thereupon the court said on the objection:

"I don't think I am called on to decide. I will overrule the objection."·

If the court had committed Oats in the presence of. the jury, it. would have been a criticism of the witness who had testified in the presence of the. jury, which would have authorized a reversal of this case under the rule announced in *Johnson* v. *State,* 105 So. 851. On the other hand, if the court had indorsed the action of the witness in calling another witness "a damn lie" with reference to his testimony in the case during the progress of the trial, the court would have indorsed the witness, which would have been, perhaps, an undue expression favorable to the witness which might have had undue influence on the jury.

While we do not intend to put the seal of approval on any effort of the district attorney to inject anything into the trial of a case other than the guilt or innocence of the defendant, together with the collateral matter that is made competent under the rules of law, yet we think the action of the court in this case was proper and. not subject to criticism. The district attorney should not have undertaken to have the witness committed. in the presence of the jury, but the court wisely declined

to put the seal of its approval either upon the action of the district attorney or that of the witness.

We do not think this case should be reversed on this ground, and, having carefully gone over the record, we think the defendant has had a fair and impartial trial according to the rules and forms of law. We find no reversible error.

*Affirmed.*