ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, Plaintiff in Error, v. BENJAMIN W. JONES, Defendant in Error.

En Banc.

Opinion filed September 25, 1929.

*Kelly & Shaw*, for Plaintiff in Error.

*Hampton, Bull & Pencke*, for Defendant in Error.

BROWN, J.—Defendant in error recovered a judgment for $2,000.00 against plaintiff in error in an action for damages for personal injuries sustained in a collision between an automobile and a freight train at a railroad crossing in the town of Trilby. The automobile belonged to and was being operated by another person, but the plaintiff and such other person were together interested in the purchase of real estate and were on a trip to inspect a certain piece of land which they were considering the purchase of. But whether they were engaged in a joint enterprise or a joint venture, such as would operate to impute the negligence of the driver to the plaintiff, it is not absolutely necessary for us to decide. Aside from this question, we think that under the principles laid down in the case of S. A. L. Ry. Co. v. Watson, 113 So. R. 716, 94 Fla. 571, the jury, on the evidence in this case, might well have concluded that the plaintif was not absolved from all personal care and responsibility for his own safety, but was under the duty of exercising reasonable or ordinary care and diligence to avoid injury and to notify the driver when he was about to run into apparent danger, and that in this respect plaintiff failed in his duty and was himself guilty of negligence which proximately contributed to the causation of his injuries. No doubt the jury reached this conclusion and diminished the amount of damages accordingly.

The court overruled a demurrer to plaintiff's replication to one of defendant's pleas, but we think the replication was good to the plea as drafted, and that no reversible error in this respect appears.

While the driver of the car was undoubtedly guilty of negligence, in driving upon the crossing in front of the approaching train we cannot hold in this case, as was held in Egley v. S. A. L. Ry. Co., 84 Fla. 147, 93 So. R.

170, and A. C. L. R. Co., v. Gornto, 103 So. R. 117, 89 Fla. 97, that such negligence, under the peculiar cir- cumstances of this case, was the sole proximate cause of the collision and resulting injury. Per contra, the evidence clearly shows negligence on the part of the defendant Railway Company which the jury might well have found, as they apparently did, proximately contributed, along with the negligence of the driver of the automobile and of the plaintiff himself, to the causation of plaintiff's injury.

The train which ran into the automobile at the crossing was a regular schedule freight train, which, for some unexplained cause, was being operated with the engine behind the train, which consisted of eighteen cars, instead of at the front of the train as is usually done; thus depriving the engineer and fireman of adequate opportunity to keep a look out immediately ahead of the train. Nor was there any brakeman or flagman stationed at the end of the train of cars, which, in this case, was the front end; nor was this end of the train equipped with a whistle or other warning device, or an airbrake control, which could have been resorted to in just such an emergency. This, on the facts of this case, was negligence. See F. G. & P. R. Co., 41 Fla. 1, 25 So. R. 338. Its proximate causal connection with the collision was on the facts a question for the jury. True, there was an employe on top of the box car next to the end car of the train, which end car was a flat car. But when he saw that the occupants of the automobile, which had just come up on the highway from a low side road at a point about 20 ft. from the track, were apparently not aware of the approaching train and, though proceeding very slowly, were going to attempt the crossing, all he could do was to yell at them and give the engineer a stop signal, both of which he did. Although the train was moving slowly, the engineer,

after receiving the signal, could not stop the train in time to avoid the collision; and the occupants of the car did not hear or heed the calls of the brakeman. If this employe had been stationed at the end of the train and furnished a whistle or an air brake, or both, in all probability he could have prevented the collision, even after discovering the imminent peril of these heedless travellers, by the use of the whistle, or the air brake, or both. See L. & N. R. Co. v. Goulding, 52 Fla. 327, 42 So. R. 854; S. A. L. Ry. Co. v. Watson, *supra;* and Law of Automobiles in Florida, by Vartanian, Sec. 53. It thus appears that under the evidence in this case, the jury were authorized to find that the damage was proximately caused by the concurring negligence of the defendant, the driver of the car and the plaintiff, who was riding with him. There was, therefore, so far as the sufficiency of the evidence was concerned, no error on the part of the court in denying the motion for new trial. This motion, by the way, did not contain any ground attacking the verdict as being excessive in amount, nor has any contention to that effect been made by counsel.

Affirmed.

WHITFIELD, STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., not participating.