FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error,* vs. FRANCIS MELVILLE TOWNSEND, an infant, by his next friend, DUNCAN TOWNSEND, *Defendant in Error.*

140 So. 196.

143 So. 445.

Division B.

Opinion filed February 26, 1932.

Opinion on rehearing filed Sept. 30, 1932.

*J. P. Lamb, John H. Summerlin* and *Robert H. Anderson,* for Plaintiff in Error;

*Thomas B. Dowda* and *Hilburn & Merryday* for Defendant in Error.

PER CURIAM.—The declaration herein is as follows:

"Francis Melville Townsend, an infant, suing by his next friend, Duncan C. Townsend, of Putnam County, Florida, plaintiff, sues Florida East Coast Railway Company, a railroad corporation, defendant, for this, to-wit:

That at all times hereinafter mentioned, the defendant was in possession of and was managing and operating a railway system in Putnam County, Florida, including the certain train hereinafter mentioned, and the plaintiff was an unmarried minor child.

That on or about December 8, A. D. 1928, at the crossing of the lateral public highway and the defendant's railway track, at a point about one-half mile south of the village of Orange Mills, the defend-

ant carelessly and negligently propelled and ran a train against and upon an automobile which the said Francis Melville Townsend was then and there operating upon said lateral public highway and over said crossing; whereby the said Francis Melville Townsend was thrown down, wounded, bruised and greatly injured, to-wit: permanently, and suffered great·bodily pain and mental anguish, and will continue to do so, to-wit, permanently.

Wherefore Plaintiff sues and claims damages in the sum of Fifty Thousand Dollars.

The defendant pleaded "That it is not guilty."

Writ of error was taken to a judgment awarding $18,000.00 damages to the plaintiff.

The plaintiff below, a minor, was injured, and a companion, Clarence Guilford, also a minor, was killed at a grade crossing in a collision between an automobile sedan in which they were. riding and a freight train of the railroad company. The automobile and its occupants were thrown some distance from the track on the side from which they came, indicating that the fore part of the sedan was the point of impact.

The statutes of the State contain the following provisions:

"A railroad company shall be liable for damages done to persons * * by the running of the locomotives, or cars, or other machinery of such company * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Section 7051 (4964) C. G. L.

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of

default attributable to him.'' Section 7052 (4965) C. G. L.

Under the laws of Florida, where a person attempts to drive an automobile over a railway crossing with which he is familiar, when his view of the railroad track is so obstructed that an approaching train cannot be seen, and he does not stop and look and listen or take such precautions for his safety as are reasonably required by the existing conditions and circumstances, he is negligent so as to prevent recovery of damages from the railroad company for his injury or death, by being struck by the train, Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. 391; A. C. L. Ry. Co. v. Gornto, 89 Fla. 97, 103 So. 117; F. E. C. Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842; S. A. L. Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Egley v. S. A. L. Ry. Co., 84 Fla. 147, 93 So. 170; Covington v. S. A. L. Ry. Co., 99 Fla. 1102, 128 So. 426; unless some appreciable negligence of the railway company's agents proximately contributed to such injury or death, in which case the damages awarded should be such a proportion of the entire damage sustained as the defendant's negligence bears to the combined negligence of both parties. Section 7052 (4965) C. G. L.; S. A. L. Ry. v. Callan, 73 Fla. 688, 74 So. 799; Germak v. F. E. C. Ry. Co., supra. S. A. L. Ry. v. Tilghman, 237 U. S. 499; Dina v. S. A. L. Ry., 90 Fla. 558, 106 So. 416; A. C. L. Ry. Co. v. Watkins, 97 Fla. 350, 121 So. 95.

In an action against a railroad company for damages done by the running of its trains, the defendant may, under the general issue of not guilty, prove that the alleged injury was caused solely by the negligence of the party injured, or that the defendant's agents exercised all ordinary and reasonable care and diligence to prevent the injury. Upon proof of either by the probative force of legal evidence, the defendant will have sus-

tained the statutory burden of proving its plea of not guilty.

The plaintiff under the general issue having shown the injury was caused by the running of the defendant's train, the statute put upon the defendant the burden of showing that its servants exercised all ordinary and reasonable care and diligence to avoid the injury. When such evidence is adduced the statutory presumption of negligence against the defendant ceases and the issue is to be determined upon a due consideration of the evidence without reference to the statutory presumption. S. A. L. Ry. Co. v. Thompson, 57 Fla. 855, 48 So. 750. This rule does not conflict with W. & A. R. Co. v. Henderson, 279 U. S. 639. If contributory negligence of the injured party is duly made to appear by the evidence, whether contributory negligence is pleaded or not, the damages should be appropriately reduced in an action under the statute against a railroad company for damage done by the running of its trains. Warfield v. Hepburn, 62 Fla. 409, 57 So. 618.

It appears that at about 4:30 or 5 P. M. the sedan automobile in which the plaintiff and a companion were riding approached the railroad crossing at a point where bushes more or less obstructed in the direction from which the train was coming, the view of the railroad track, if not also a view of an approaching train, from the occupants of the automobile; that the fireman of the train engine, because of the obstruction, could not and did not see the sedan approaching on his the left side of the engine until the sedan was within perhaps 25 to 50 feet of the track, when it was then impossible to stop the train before reaching the crossing. The evidence indicates that the plaintiff was driving the sedan and his companion who was killed was sitting on his right which was the side towards which the train was approaching. Presumably

neither one saw the train in time to avoid the collision, though it was their duty to at least attentively and cautiously look and listen for trains and to have the sedan under full control at appropriate speed as the known and obvious railroad track was approached. The running noise of the approaching freight train was heard by persons much further away without reference to the blowing of the whistle or the ringing of the bell on the engine of the train. The engineer was on the other or right side of the engine and did not see the approaching sedan. As the plaintiff was familiar with the crossing, he should have known of the obstruction to the view of an approaching train and he was negligent in not taking reasonable precaution at a safe distance from the track, to ascertain whether a train was approaching before driving the sedan upon the railroad track. Likewise the defendant is held to knowledge of the obstruction to the view of approaching vehicles at or near the crossing and in approaching the crossing should have given due and ample warning commensurate with the dangers arising from the obstruction. See So. Ry. Co. v. Mann, 91 Fla. 948, 108 So. 899; A. C. L. R. Co. v. Jones, 98 Fla. 470, 123 So. 920.

Under its plea of not guilty the defendant adduced evidence to prove that its agents exercised all ordinary and reasonable care and diligence to prevent the injury and also to prove by circumstances that the injury was caused solely by the negligence of the plaintiffs, by showing that the engine whistle was appropriately blown and the bell rung just before the crossing was reached and that the train was not running at an excessive rate of speed, though it was impossible to stop the train before it reached the crossing, when the fireman first saw the automobile approaching the railroad track from behind the obstruction of a view of the road. Incidentally it clearly appears that the plaintiff did not take reasonable precaution to ascer-

tain whether a train was approaching the crossing with which he was familiar. The train had to run on its track and could not be stopped as readily as the automobile. There was substantial evidence that due warning was not given by whistle and bell of the approaching train, which warning was reasonably required because of the obstruction to the view of the road on which travelers might be approaching the crossing. Considering the negligence of the plaintiff in not taking due caution before driving on the crossing, it is manifest that even if liability for negligence of the defendant as alleged is duly shown, the damages awarded to the plaintiff were not diminished in proportion to the amount of default attributable to him," as is expressly required by the statute. Section 7052 (4965) C. G. L.; A. C. L. Ry. v. Hobbs, 71 Fla. 109, 70 So. 939.

As liability for the alleged negligence of the defendant is not clearly established, a remittitur as for excessive damages awarded should not be suggested. The judgment should be and is reversed for a new trial. See T. & G. C. R. Co. vs. Lynch, 91 Fla. 375, 376, 108 So. 560; A. C. L. R. Co. v. Wier, 63 Fla. 69, 58 So. 641.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the conclusion and judgment.

---

### ON REHEARING AS TO DAMAGES.

PER CURIAM.—This case was heretofore reversed by this Court. See F. E. C. Ry. Co. vs. Townsend, 104 Fla. 362, 140 So. 196. Afterward, petition for rehearing as to damages was granted by an opinion and order filed by us July 8, 1932, not yet reported. Briefs have been filed by the respective parties and the cause is now before us on the question of what, if anything, is a proper amount of remittitur to be allowed in lieu of absolute reversal of

the judgment for failure of the court and jury below to properly apportion the damages under the applicable statute, it appearing that some liability has been shown by the evidence.

On December 8, 1928, a train operated by the Florida East Coast Railway Company struck an automobile at a grade crossing near Orange Mills in Putnam County. The car was driven by the defendant in error in this case, Francis Melville Townsend. A boy named Clarence Guilford, who was riding with him at the time, was killed. Townsend was badly injured. The jury awarded $18,000 damages to Townsend who was the driver of the car and who was only injured (not killed) while another jury awarded $12,000.00 damages in another trial (See F. E. C. Ry. Co. vs. Guilford, 104 Fla. 370, 140 Sou. Rep. 199) for the death of the boy who was merely a passenger in the car.

Our view of this case is that any recovery of damages by Townsend, the driver of the car, who was merely injured by the collision, in excess of $1000.00 is excessive, under the present record. Therefore, if the defendant in error will remit all of the judgment he has recovered in excess of $1000.00, the judgment will stand affirmed for that amount, otherwise a new trial will be granted in accordance with the original opinion and judgment of this court filed February 26, 1932.

Judgment to stand reversed on rehearing unless defendant in error shall file remittitur of amount of judgment in excess of $1000.00, but affirmed for $1000.00 as of date of original recovery, in event such remittitur shall be filed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J. (Dissenting)—I am inclined to think the original order of reversal should stand.