FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error*, vs. M. L. GUILFORD, *Defendant in Error*.

140 So. 199.

143 So. 446.

En Banc.

Decision filed February 26, 1932.

On Rehearing, Decision filed Sept. 30, 1932.

*J. P. Lamb, John H. Summerlin* and *Robert H. Anderson* for Plaintiff in Error;

*Thos. B. Dowda* and *Hilburn & Merryday* for Defendant in Error.

PER CURIAM.—The judgment herein is reversed on the authority of F. E. C. Ry. Co. vs. Townsend, this day filed.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

---

## ON REHEARING AS TO DAMAGES.

PER CURIAM.—The facts of this case will be found stated in the opinion hereinbefore filed on February 26, 1932, reported in 104 Fla. 362, 140 So. 196, also in the opinion on rehearing filed July 8, 1932, 104 Fla. 371, 142 So. 909, whereby the question of damages was ordered reconsidered. For companion case, see F. E. C. Ry. Co. vs. Townsend, 104 Fla. 370, 140 So. 199, and opinion in the same on rehearing filed this date.

In this case Clarence Guilford, a son of M. L. Guilford the defendant in error, was killed in a railroad crossing accident. The deceased boy was a passenger in the car with another boy, Francis Melville Townsend, who was injured in the same accident, but escaped death. The recovery allowed in this case to the father was $12,000.00 for the death of his son under the circumstances indicated.

The boy was 19 years old at the time of his death, was healthy, strong and robust, and was a student in High School. He was unmarried and lived with his father, the defendant in error.

From a further consideration of the evidence, it appears that a recovery by the father of the deceased boy for $3000.00 would not be so excessive that we would refuse to allow a verdict for that sum to stand. Therefore under authority of De La Vallina vs. De La Vallina, 90 Fla. 905, 107 So. 339, while the amount of a proper verdict cannot be worked out with mathematical precision, a verdict for $3000.00 for the wrongful death inflicted in this case may be allowed to stand, in view of the fact that the deceased boy was not the driver of the automobile at the time it was struck by the train.

It is therefore ordered that if the defendant in error will remit $9000.00 of the recovery had by him, the judgment will stand affirmed for the remainder of $3000.00 as of its original date, otherwise it will stand reversed for a new trial in accordance with our opinion and judgment of February 26, 1932.

Affirmed on condition of remittitur of $9000.00.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J. (Dissenting)—I am inclined to think the original order of reversal should stand.