FLORIDA EAST COAST RAILWAY COMPANY, a corporation, *Plaintiff in Error*, vs. FRANCIS MELVILLE TOWNSEND, an infant, by his next friend, Duncan Townsend, *Defendant in Error*.

FLORIDA EAST COAST RAILWAY COMPANY, a corporation, *Plaintiff in Error*, vs. M. L. GUILFORD, *Defendant in Error*.

142 So. 909.
Division B.
Opinion filed July 8, 1932.

*J. P. Lamb, John H. Summerlin* and *Robert H. Anderson,*
for Plaintiffs in Error;

*Thomas B. Dowda* and *Hilburn & Merryday,* for Defendants in Error.

PER CURIAM.—Section 4640 C. G. L., 2921 R. G. S.,
provides:

> "Hereafter an appellate court in reversing a judgment of a lower court brought before it for review by writ of error may, by the order of reversal, if the error for which reversal is sought is such as to require a new trial of the action in the court below, direct that a new trial shall be had on all issues shown by the record or upon a part of such issues only, and when a reversal is had with the direction for a new trial to be had on a part of the issues, all other issues shall be deemed to be settled conclusively in favor of the defendant in error."

This Court heretofore reversed the judgments in these cases and remanded them for a new trial on all issues, but held in effect that liability for some damages had been made out on the original trial, but that a proper apportionment of damages had not been shown in accordance with the statute. See Florida East Coast Ry. Co. v. Townsend, 104 Fla. 362, 140 Sou. Rep. 196; Florida East Coast Ry. Co. v. Guilford, 104 Fla. 370, 140 Sou. Rep. 199.

A petition for rehearing suggests that we should have

determined a proper amount of remittiturs to be entered in lieu of reversal. It also suggests that unless we do so, defendants in error will be without remedy because the plaintiff in error railroad company is in receivership which will make any judgments for plaintiffs on a new trial fruitless.

Under the circumstances, a rehearing will be granted as to the propositions raised by the petition for rehearing concerning a possible remittitur. Counsel may by briefs advise the Court what, if any, basis exists in the record upon which a remittitur can be allowed in lieu of complete reversal.

Attention of counsel is invited to consideration of the statute above mentioned. Permission to file additional briefs is given both parties, first brief for petitioners for rehearing to be filed within fifteen days and respondents to have fifteen days to reply. In the meantime the mandate is stayed until further order of the Court.

It is so ordered.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.