Sarah Elizabeth STRINGFELLOW, a Widow, and as Administratrix, etc., Appellant, v. ATLANTIC COAST LINE RAILROAD COMPANY, a Corporation, Appellee.*

No. 6617.

Circuit Court of Appeals, Fifth Circuit.
Jan. 8, 1934.

Wm. C. McLean, of Tampa, Fla., for appellant.

Jas. R. Bussey, Sam H. Mann, Jr., and McKinney Barton, all of St. Petersburg, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

The case is fully set forth in the previous opinions delivered upon it. Stringfellow v. Atlantic Coast Line R. R. Co. (C. C.

*Rehearing denied February 9, 1934.

A.) 64 F.(2d) 173. It was then held that for Stringfellow's death there could be no recovery because of the character of his negligence, but that for the death of the infant children there might be. The judgment was set aside by the Supreme Court with instructions "to determine whether the evidence justified the direction of verdicts on the ground that the deceased husband's [Stringfellow's] negligence was the sole proximate cause of the collision, or required a submission of that question, and the question of concurrent negligence to the jury." 54 S. Ct. 175, 176, 78 L. Ed. ——, decided December 4, 1933. We have already determined and can only repeat our opinion that the evidence authorizes a finding by the jury that the collision was not solely due to Stringfellow's negligence but was the result of negligence on his part concurring with that of the agents of the railroad company. This requires a reversal of the judgment of the District Court as respects the homicide of the children, as we before adjudged. The opinion of the Supreme Court holds that the railroad company has under Florida law no total defense against the homicide of Stringfellow except by proving that in fact he alone and itself in no degree caused his injury. In conformity to that view, since we have held that the jury may find concurrent negligence on the part of the railroad company and of Stringfellow, we also reverse the judgment touching Stringfellow's homicide.

The judgments in all the cases are reversed, and the causes remanded for further proceedings not inconsistent herewith.