**ATLANTA & ST. A. B. RY. CO. v. REGISTER et al.**

No. 7125.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1934.

Rehearing Denied March 16, 1934.

Arthur G. Powell, of Atlanta, Ga., and Thomas Sale, of Panama City, Fla., for appellant.

# 324

John H. Carter, of Marianna, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages to a turpentine wood. The charge was that the defendant had negligently set out the fire by sparks from one of its engines; the defenses, that the fire was not started by an engine spark, that, if it was, it was not negligently started, and further that, if wrong on both of these points, the proof does not connect plaintiffs' damage with the fire. The verdict was for plaintiffs. Defendant is here urging that the evidence demanded an instructed verdict in its favor. Other errors assigned and brought forward in its brief having to do with the manner of submission to the jury, while not waived, are not argued. Appellant, recognizing that they are of minor importance as compared to those argued, devotes its efforts to overthrowing altogether the charge of negligent fault.

In Kentwood Lbr. Co. v. Illinois Central Ry., 65 F.(2d) 663, we affirmed a directed verdict in a fire damage case because the evidence proved no more than that a fire was discovered burning shortly after a train had passed. There the circumstances relied on by plaintiff were lacking in cogency, and the whole circumstances were inconsistent with the conclusion plaintiff urged. The case proved here is quite different. It is quite clear, we think, not only that the evidence is sufficient to support the verdict that sparks from defendant's engine set the fire, but that this conclusion is the one most consistent with the proven facts. Plaintiffs' proof, while circumstantial, was strong and convincing. It substantially barred out any other reasonable conclusion than that the engine started the fire. There was testimony of an eyewitness, a Mrs. Woods, that she was sitting on the porch of her home at Ewing's place to watch the train pass; that before it passed she had looked up and down the highway and there was no fire; that, by the time the train got by so that she could see across the track, the fire was burning where the train had passed. Her father, Corley, still man on Ewing's place, testified that he saw the train come along at that time, throwing sparks as it had customarily been doing to such an extent that he would always get in front of his spirits tub in the turpentine camp for fear it would throw a spark into the tub of spirits and it would go up like pow-

der; that on that day a coal lit out in front of him about fifteen feet and rolled over on the dross pile; that he stood there and watched it blaze up and while he was standing there he looked down the road and saw smoke rising from a fire burning three or four feet high; the train had not gone out of sight when he saw it; that about a week before that he had seen smoke rising down the railroad when the train had gone by; that he had hurried down there and found three fires about a hundred feet apart; that at other times he had seen sparks thrown from a locomotive, about a month before, two weeks before, and four or five days before. Lige Turner, another eyewitness standing with Corley when the train went by, fully corroborated his testimony that the train was throwing live sparks as it passed Ewing's Still; that same day it had thrown some as it passed right at the still and then had thrown some on the other side of the still in a woodpile; "the train had not passed good when I saw the fire." Two other witnesses, Ruth Corley and Wallace, testified that many recent fires had been started by a train along the track. The evidence furnished ample warrant too for believing that the fire which the train set out spread in spite of earnest efforts made to check it, until it had reached and damaged plaintiffs' woods to the extent found. Defendant puts its best foot forward, and therefore stands strongest, on the issue of negligence.

Plaintiffs, invoking the presumption which springs by statute in Florida upon proof that a defendant railway company, in the operation of its trains has caused damage to plaintiffs, stood on the evidence of the large sparks in the form of live coals testified to as thrown out by the train as it passed that day, of the fires started by the engine that day, and of other recent fires along the track, as wholly inconsistent with careful equipment and operation of the train. The defendant, to meet the presumption and to overcome plaintiffs' evidence, offered the testimony of its master mechanic, and its general foreman, positive and unequivocal, that all of its engines were in May equipped with spark arresters of the kind offered in evidence, and testified to by them as of first-class material and of a fully proven kind. It offered the testimony of the engineer to prove that the engine as it passed Corley's place where the fire was set out was not throwing sparks, and that it was being operated in a careful and prudent manner. It argued that, since even under the best conditions some sparks are bound to escape, the evidence that sparks did

escape, offered here, is not sufficient to overthrow the uncontradicted testimony of their witnesses, that there was no negligence.

◼ Plaintiffs, in rebuttal of defendant's evidence that their spark arresters were first class in kind, and kept in first-class condition by once a month inspections, offered evidence that on another railroad a different kind of spark arrester was used, and that there they were examined and tested at the end of every run. As a part of its attack on the insufficiency of the evidence, defendant assails, both as inadmissible in law and as lacking in probativeness, plaintiffs' evidence that sparks had been emitted and fires set out at other times. Conceding that, in the absence of proof identifying the engine which set out the fire complained of, general proof of fire setting by engines is admissible, Grand Trunk Railroad v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Florida East Coast Ry. v. Welch, 53 Fla. 145, 44 So. 250, 12 Ann. Cas. 210; it complains that the evidence in this case identifying engine No. 201 as starting the fire made inadmissible the evidence of what other engines had done, Florida East Coast Ry. v. Smith, 61 Fla. 218, 55 So. 871; Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co. (C. C. A.) 114 F. 133, 139.

We do not think so. While it is true that the engine charged with setting out the fire is in this case identified, it is in proof that this engine was the one regularly used on that line, and there is no proof that the other engines at times were used on this particular portion of the line, or that they set out the fires testified to. Besides, if that had been shown, it would not have rendered the proof inadmissible. The defendant's proof did not differentiate engine No. 201 from the other engines defendant owns, but identified it with them in equipment, inspection, and operation.

◼ In this state of the evidence, though the engine which set the particular fire complained of is identified, proof of fire setting may be as general as in cases where the engine is not identified; for, though identified, it is not differentiated from the others. Lesser Cotton Co. v. St. Louis, I. M. & S. R. R., supra (C. C. A.) 114 F. 133, at page 138. But this is not all. There was no error in receiving this evidence, for, when it came in, the defendant had not identified the engine which

set the fire out. Canadian Northern Ry. v. Olson (C. C. A.) 201 F. 859, 861.

◼ Taking the charge as a whole, it certainly fully and we think fairly presented to the jury every theory of either side, leaving it to the jury to say for whom, under the facts, the verdict should go. Whatever of criticism may be justly leveled at the charge, it is one of overfullness, not of omission. That criticism the defendant is not in a position to urge, for in asking and obtaining requested charges after the court had already given a six-page charge it not only ran evenly along with, but far exceeded, plaintiffs. Of the charges requested and given, plaintiffs had eight, defendant thirteen. The difficulty the jury may have had in co-ordinating, assimilating, and digesting this already sufficiently lengthy general charge, after it had been swollen to more than sixteen pages by the addition of special charges, is neither made the subject of an assignment of error, nor could it well be. Nor do we think that, taking it as a whole, it could have misled the jury to defendant's prejudice. We think that the jury could not have fairly understood the charge as other than instructing them that, if they believed the fire was set out by defendant's engine, this raised a prima facie presumption of negligence, continuing until, but only until, met and overthrown by defendant's adduced proof that its servants exercised ordinary and reasonable care and diligence to avoid injury.

This we think states the rule correctly. So stated and applied, the presumption which the Florida statute raises from the fact of injury, does not operate injuriously to defendant, especially in a case of fire damage. Florida East Coast Ry. v. Townsend, 104 Fla. 362, 140 So. 196, 143 So. 445; Atlantic Coast Line Ry. v. Webb (Fla.) 150 So. 742; Atlantic C. L. v. Ford, 287 U. S. 502, 53 S. Ct. 249, 77 L. Ed. 457.

The judgment is affirmed.

SIBLEY, Circuit Judge, dissents.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.