FLORIDA EAST COAST RAILWAY COMPANY, a corporation, *Plaintiff in Error,* v. GEORGE W. DAVIS, *Defendant in Error;* and FLORIDA EAST COAST RAILWAY COMPANY, a corporation, *Plaintiff in Error,* v. OSCAR NANCE, *Defendant in Error.*

Division B.

Opinion filed July 11, 1928.

*Robert H. Anderson and Loftin, Stokes & Calkins* for Plaintiffs in Error.

*Worley & Worley* for Defendants in Error.

WHITFIELD, P. J.—The two cases grew out of the same railroad crossing accidents and were tried together. The declaration in the first case alleges "that on the 5th day of April, the plaintiff was crossing the railroad track owned and operated by the defendant at the crossing on said track commonly known as the Fulford crossing, or the crossing at Fulford in said county, the same being a public crossing for vehicles of all kinds and pedestrians and people of all kinds, and a crossing within a village thickly settled with people, and this plaintiff in crossing said railroad track was riding in a Chevrolet coupe going west, and that when he

approached the said crossing he exercised all due diligence and care in looking out for trains, and listening for whistles and signals and that he saw nor heard none and proceeded on his way across the track, and that the said defendant operating a north bound passenger train at a great and dangerous rate of speed and without due regard for the safety of others, operated its said train with such speed and recklessness and without blowing any whistle or ringing any bells or giving any other signal of its approach or complying with any of the necessary requirements of the law ran its train over and upon said crossing at a terrific and reckless rate of speed and struck the car in which this plaintiff was riding,'' injuring the plaintiff and his car.

In the second case the declaration alleges that the plaintiff undertook to cross the ''railway riding in a car driven by one George W. Davis, and that all due precautions were taken before going on to said railroad track, and that the said defendant company, then and there operating a north bound passenger train at such a reckless rate of speed ran the same over and upon said crossing without blowing any whistles or ringing any bells or giving any signal of its approach and struck the car in which this plaintiff was riding, demolishing the car and injuring and damaging this plaintiff.''

In each case the following pleas were filed:

1. That it is not guilty.

2. That the defendant's rails, at the time and place mentioned in the plaintiff's declaration, were in plain view of plaintiff, and, by the reasonable exercise of his faculties, he could have seen the same, and thereby been admonished of the danger of entering upon and passing over same, and, by the reasonable exercise of his faculties, he would have

heard and seen defendant's train of cars, at the time and place mentioned in the declaration, and, by the exercise of due care, he could have avoided coming in contact with defendant's said train of cars, but, because of his negligent failure to reasonably exercise his faculties and to look and listen, he proximately contributed, by his said negligence, to the injuries complained of.''

When the testimony was all in, the court upon motion directed a verdict for the defendant which was rendered in each case.

A motion for new trial was made in each case upon grounds that the verdict is against the evidence and that the court erred in directing a verdict for the defendant and in not allowing the case to go to the jury upon the facts presented. The court made the following order: ''These two cases were, by consent of counsel and of the court, tried at the same time before the same jury. And motion for a new trial by the plaintiffs was duly filed, and upon consideration thereof and after argument of counsel, it is ordered and adjudged that a new trial be and the same is hereby granted to the plaintiffs, to which said order and ruling the defendants except.''

On writ of error taken in each case under the statute, Sec. 2905 Rev. Gen. Stats. 1920, Sec. 4615 Comp. Gen. Laws 1927, the order granting a new trial is the only assignment of error. Jones v. Jacksonville Electric Co. 56 Fla. 452, 47 So. R. 1.

It appears that the automobile in which the plaintiffs were riding came north on the highway parallel with the double railroad tracks, and turned west on another road to cross the railroad tracks. As the automobile approached the crossing the occupants heard or saw a train crossing from the north. The automobile was stopped

about twelve feet from the east track till the south bound train passed on the west track. Then as the automobile moved forward and was within two feet of the tracks the front part of the automobile was struck by a north bound train causing the injuries. The plaintiffs testified that they looked to the south and did not see the approaching north bound train till it was about fifty feet from the automobile, and did not hear a bell or whistle of that train.

There is positive testimony that the bell was rung and the whistle blew before the train reached the crossing. It also appears that if the automobile stopped twelve feet from the east railroad track, the bodies of the plaintiffs would have been about sixteen feet from the track; that a structure measuring twenty-two and one-half feet east and west, stood eighteen feet and three inches east of the nearest rail of the railroad track; and that a person on the highway fifteen or sixteen feet from the railroad track could see perhaps fifteen hundred feet down the track to the south.

Even if the structure standing eighteen feet east of the railroad tracks in fact obstructed the view of the plaintiffs to the south of the railroad tracks from the point where the automobile was stopped to let the south bound train pass, it was the duty of plaintiff to look down the track to the south after passing from the obstruction to view afforded by the structure and before going upon the railroad tracks. If the plaintiffs had looked as they testified they did, the track would have been in full view for at least one thousand feet after passing the structure and before reaching the railroad tracks, so an approaching train would have been seen before it was only about fifty feet from the crossing. If the automobile was stopped within twelve feet of the east track for the south

bound train to pass on the west track as testified by the plaintiff, the north bound train must have been within the range of vision of the occupants had they looked to the south when the automobile was started if the automobile was struck when it moved ten feet. It seems clear that the injury was caused by the plaintiff's own negligence, since if they had in fact looked down the track, they would have seen the train before going so near the track that injury was inevitable.

The statute provides that "no person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." Sec. 4965 Rev. Gen. Stats. 1920, Sec. 7052 Comp. Gen. Laws 1927.

Had there been negligence of the defendant railroad company in operating its train as alleged, which appreciably contributed to causing the injury, the defendant would be liable for damages under the statute even though negligence of the plaintiffs also proximately contributed to the injury, the recoverable damages being diminished in proportion to the default attributable to the plaintiffs. Sec. 4965 Rev. Gen. Stats. 1920, Sec. 7052 Comp. Gen. Laws 1927. See Johnson v. L. & N. R. Co. 59 Fla. 305, 52 So. R. 195.

But the statutory presumption of negligence of the defendant (Sec. 4964, Rev. Gen. Stats., 1920, Sec. 7051, Comp. General Laws 1927) is rebutted by the evidence, S. A. L. Ry. Co. v. Thompson, 57 Fla. 155, 48 So. R. 750; and it clearly appears that had the plaintiffs in fact exercised ordinary prudence by looking up and down the railroad track before going thereon, they could not have failed to see the approaching train or to realize the imminent danger encountered in going upon or too near the track as the train passed. It may be that the passing southbound train

diverted the attention of the plaintiffs, but this did not relieve them of the duty to look each way along the railroad track before going thereon. Had they looked, the approaching northbound train would have been seen before the automobile got on or too near the track. The defendant's employes have a right to assume that in crossing railroad tracks, persons will exercise ordinary care in looking for possible approaching trains. In this case the plaintiffs could have seen the oncoming train if they had been observant of ordinary care in going into an obvious position of danger. See Germak v. Florida East Coast Railway filed June 1, 1928; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. R. 193; Tampa & Gulf Coast R. R. Co. v. Lynch, 91 Fla. 375, 108 So. R. 560. See also Baltimore & O. R. A. Co. v. Goodman, 275, U. S. 66 48 Sup. Ct. R. 24, 73 Law ed. 167; Penn. R. Co. v. Rusynik, Ohio 159 N. E. 826, as to care that should be observed in crossing railroad tracks.

The testimony and the physical facts adduced exclude a conclusion of negligence by the defendant, and make it clear "that no sufficient evidence has been submitted upon which the jury could legally find a verdict for" the plaintiff, therefore, under the statute, "the judge may direct the jury to find a verdict for the opposite party." Sec. 2696, Rev. Gen. Stats., 1920, Sec. 4363, Comp. General Laws 1927, Stevens v. Tampa Electric Co. 81 Fla. 512, 88 So. R. 303; Smith, Richardson & Conroy v. Tampa Electric Co. 82 Fla. 79, 89 So. R. 352; Greenblatt v. J. R. Bissell Dry Goods Co. 85 Fla. 83, 95 So. R. 302; Rogers v. Martin 87 Fla. 204, 99 So. R. 551. See also A. B. Small Co. v. Lamborn & Co. 267 U. S. 248, 45 Sup. Ct. R. 300.

It is the duty of this Court to reverse an order granting a new trial when it appears from the record that no other verdict than that which was rendered could have been

properly rendered under the pleadings and the facts as disclosed by the evidence. Seaboard Air Line Ry Co. v. Wester, 94 Fla. 259 114 So. R. 242. See also Phillips v. Lowenstein, 91, Fla. 89, 107 So. R. 350; Suttles v. Burbridge, 91 Fla. 273, 107 So. R. 646; Jackson Bros. Lumber Co. v. Yaeger & McCaskill, 80 Fla. 11, 86 So. R. 500; Georgia Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 So. R. 838; Winn v. Coggins, 53 Fla. 327, 42 So. R. 897; Philadelphia Underwriters' Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 So. R. 210.

In each case the order granting a new trial is reversed, and the cause is remanded with directions to enter final judgment for the defendant unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail. Sec. 2905, Rev. Gen. Stats., 1920, Sec. 4615, Comp. General Laws 1927; Bishop v. Taylor, 41 Fla. 77, 25 So. R. 287; Seaboard Air Line Ry. Co. v. Wester, 94, Fle. 259, 114 So. R. 242.

Reversed.

Terrell and Buford, J. J., concur.

Ellis, C. J., and Strum and Brown, J. J., concur in the opinion and judgment.