TAMPA ELECTRIC CO. v. E. L. McCULLOCH.

156 So. 259.
Division B.
Opinion Filed July 3, 1934.
Rehearing Denied August 3, 1934.

*Knight, Thompson & Turner,* for Plaintiff in Error; *Hampton, Bull & Crom,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment awarding damages for personal injuries received at a grade crossing when a street car collided with an automobile in which plaintiff was riding. Negligence of the

defendant company is alleged in the operation of the street car, in excessive speed and in failing to give warning of the approach of the street car. Trial was had on a plea of not guilty and of contributory negligence. There was evidence legally sufficient to support a finding of negligence of the defendant's employee in not giving warning of the approach of the car under circumstances of traffic and obstruction of vision near the crossing which required careful attention and the giving of timely warning signals by the motorman; and similarly as to the plaintiff who was driving the automobile; but, under the statutes, contributory negligence merely reduces the amount of the recovery, and as there is no contention that the damages were not duly apportioned, but merely that a new trial should have been granted on grounds going to the lack of negligence on the part of the defendant, no material error is made to appear.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—A petition for rehearing contains the following three grounds:

"1. Because the Court in its *per curiam* opinion has held that under the statutes contributory negligence merely reduces the amount of recovery, whereas the point of law submitted to the Court was whether or not the plaintiff had proven the allegations of negligence alleged in the declaration. While the comparative-negligence statute permits a recovery on the part of the plaintiff if he himself contributes to the injury, yet such statute does not aid the plaintiff in proving the allegations of his declaration.

"2. The record in this case shows by an overwhelming weight of evidence that warning was given of the approach of the street car. All witnesses in the record testify to the warning except the plaintiff, and his testimony is only negative testimony, he stating only that he did not hear any warning.

"3. The evidence, without contradiction, shows that the plaintiff himself was solely responsible for his injury by driving upon the tracks of the defendant company when he knew or could have known of the approaching street car."

In an action against a railroad company or a street car company for a negligent injury to person or property, negligence must be alleged in the running of the company's train or car which caused the injury complained of; but when an injury as alleged is shown to have been caused by the running of such train or car of the company, negligence of the defendant company is presumed "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence" to avoid the injury; and if negligence of both parties contributed to the injury, the plaintiff may recover, but the damages shall be diminished; but no person shall recover damages where the same is caused by his own negligence. Section 7051 (4964), 7052 (4965), C. G. L. Consumers Electric Light & St. R. Co. v. Pryor, 44 Fla. 345, 32 So. 797; Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 So. 233.

The opinion expressly states that "there was evidence legally sufficient to support a finding of negligence of the defendant's employee in not giving warning of the approach of the car under circumstances of traffic and obstruction of vision near the crossing which required careful attention and the giving of timely warning signals by the motorman."

This is a judicial holding that negligence of the defendant as alleged could legally have been found by the jury from the evidence. The presumption of negligence raised by the statute upon proof of an injury caused by the running of the defendant company's street car was not material when evidence designed to show negligence was adduced. The jury would legally have found from the evidence adduced by both sides that the defendant company did not "make it appear that their agents exercised all ordinary and reasonable care and diligence" to avoid such an injury as was shown. This established liability of the defendant company for properly diminished damage when the verdict was approved by the trial court in denying a motion for new trial, even though the plaintiff was also negligent. No reversible error was shown in the record on writ of error. The contention here was not that the damages were not properly reduced because of the plaintiff's contributory negligence, but that negligence of the defendant was not proven as alleged. The record does not sustain such contention.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.