L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers
of Seaboard Air Line Railway Company, v. JACKSON
GRAIN COMPANY.

184 So. 492.

Opinion Filed October 24, 1938.

Rehearing Denied November 23, 1938.

*Knight, Thompson* and *Sutton* and *John Bell,* for Plaintiffs in Error;

*Claibourne M. Phipps* and *McKay, Macfarlane, Jackson & Ramsey,* for Defendant in Error.

PER CURIAM.—In an action to recover. damages for demolishing a motor truck and trailer and the merchandise loaded thereon, alleged to have been caused by the negligence of defendants' operating a train at the time of a collision of the railroad company's passenger train with the plaintiff's truck and trailer at a surface crossing in the suburbs of the City of Avon Park, Florida, the charge was negligence of the railroad company's employees in operating the train. Defendant receivers plead the general issue of not guilty, and, in mitigation of damages, also plead contributory negligence on the part of the truck driver. A motion for new trial was granted upon a directed verdict for the defendant.

Writ of error was taken under the statute, Section 4615 (2905) C. G. L., to the order granting a new trial, and error is assigned on the order, one of the grounds of the motion on which the new trial was granted being stated in the order to be "in directing a verdict for the defendant."

The statutes of Florida contain the following: ·

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars or other machinery of such company, * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Sec. 7051 (4964) C. G. L.

"No person shall recover damages from a railroad com-

pany for injury to himself or his property where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount attributable to him." Sec. 7052 (4965) C. G. L.

In a civil action, if, after all the evidence of the parties "shall have been submitted, it is apparent, to the Judge of the Circuit Court or County Court or Criminal Court of Record or Civil Court of Record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the Judge may direct the jury to find a verdict for the opposite party." Sec. 4363 (2696) C. G. L.

When, in appropriate proceedings, damage done to persons or property by the running of a railroad company's train is shown by competent evidence, the statute then raises a presumption *of fact* that the servants or agents of the railroad company were negligent in operating the train; and the statute then casts upon the defendant railroad company the burden of evidence to "make it appear that their agents have exercised all ordinary and reasonable care and diligence" in operating the train which is duly alleged to have been negligently done when the injury occurred. See Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; A. C. L. R. R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Tampa Electric Co. v. McCulloch, 115 Fla. 680, 156 So. 259; Johnson v. L. & N. R. Co., 59 Fla. 305, 52 So. 195; Egley v. S. A. L. Ry. Co., 84 Fla. 147, 93 So. 170; Cason v. Fla. Power Co., 74 Fla. 1, 76 So. 535; Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741.

If the injury alleged was proximately caused solely by the negligence of the plaintiff or his agent driving the truck, there can be no recovery. See Atlantic Coast Line R. Co.

v. Garnto, 89 Fla. 97, 103 So. 313; S. A. L. Ry. Co. v. Tomberlin, 70 Fla. 435, 70 437; A. C. L. R. R. Co. v. Miller, 53 Fla. 246, 44 So. 247; Covington v. S. A. L. Ry Co., 99 Fla. 1102, 128 So. 426. See also notes in 56 A. L. R. 647.

Where, as here, under the statute the rule of comparative negligence causing damage or injury is applicable, and it is made to appear by the evidence that the agents of a railroad company in operating a railroad train and of an injured party or his agent were both at fault in causing the injury, the amount of the recovery if any is limited to such a proportion of the entire damages sustained by the plaintiff, as the defendant's negligence bears to the combined negligence of both the plaintiff or his agent and the agents of the defendant in the premises. See S. A. L. Ry. v. Callan, 73 Fla. 688, 74 So. 799; S. A. L. v. Tilghman, 237 U. S. 499, 35 Sup. Ct. 653, 59 L. Ed. 1069; Davis v. Cain, 86 Fla. 18, 97 So. 305; Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. 391; S. A. L. Ry. Co. v. Watson, 103 Fla. 477, 137 So. 719; F. E. C. Ry. Co. v. Townsend, 104 Fla. 362, 140 So. 196, 143 So. 445; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; F. E. C. Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842; Covington v. S. A. L. Ry. Co., 99 Fla 1102, 128 So. 426; A. C. L. Ry. Co. v. Weir, 63 Fla. 69, 57 So. 641; see also Stringfellow v. Atl. Coast Line, 290 U. S. 322, 54 Sup. Ct. 175, 79 Law Ed. 339; and A. C. L. Ry. Co. v. Richardson, 117 Fla. 10, 157 So. 17.

Under the last above quoted statute, when in a trial by jury, the evidence has all been submitted, a verdict for the defendant should not be directed for the defendant unless it be apparent that no sufficient evidence has been submitted upon which the jury could legally find a verdict for the opposite party. King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858; Stevens, et al., v. Tampa Elec.

Co., 81 Fla. 512, 88 So. 303; Florida Motor Lines v. Bradley, 121 Fla. 591; 164 So. 360.

"In directing a verdict, the court is governed by practically the same rules that are applicable in demurrers to evidence.

"A party moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

"It is reversible error to direct a verdict for one party when there is substantial evidence tending to prove the issue upon which the jury could lawfully find a verdict for the opposite party." Anderson v. Southern Cotton Oil Co., 73 Fla. 432.

In this case there is testimony upon which, if believed by them, the jury might have found that under all the facts and circumstances in evidence the railroad company's train was being operated at a speed to show that the servants of the railroad company immediately before and at the time of the collision of the truck with the engine of the train, has not "exercised all ordinary and reasonable care and diligence" legally required by the circumstances in operating the train, and that consequently the railroad company may be liable in some damages, even though the evidence should show that the driver of the truck was guilty of negligence which largely contributed to causing the damages, unless it be shown that the plaintiff's truck driver alone was negligent in causing the collision. Whether the railroad company had gates at the grade crossing might be a proper question under appropriate circumstances in adducing evidence.

The order directing a verdict for defendant was corrected by the order granting a new trial, which latter order is here affirmed and the cause remanded for appropriate proceedings.

It is so ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., dissents.

PER CURIAM. In a "motion to stay the mandate and for reargument," filed with a petition for rehearing, it is stated:

"The court, in its opinion, without any right or authority, there being no such issue in the case, have suggested to the defendant-in-error that it might adduce evidence on the question of whether or not the plaintiffs-in-error maintain gates at the crossing. Although there were no allegations in the pleadings, with reference to crossing gates or watchmen, and consequently no issue involving the same, this Court, in its opinion, erroneously injected such issue into this case, and have in effect suggested to the defendant-in-error that testimony with reference to crossing gates or watchmen might be proper and this suggestion from this Honorable Court is prejudicial, is unjustified and seeks to impose upon railroad companies an obligation not heretofore recognized or imposed * * * ."

Orders granting the new trial contain the following:

"ORDER GRANTING NEW TRIAL

"The above styled cause coming on this day for hearing upon the motion for new trial heretofore filed by plaintiffs herein, and same having been argued by counsel for the respective parties, and the court being of the opinion that it erred in refusing to allow the witness, Still, to testify as to whether the defendant maintained crossing gates or a watchman at the Pleasant Street crossing of defendant railway, and in sustaining defendant's objection to such question, and the Court erred in granting the motion for a directed verdict in said cause and in refusing to submit the

issues made by the testimony in this cause to the jury, as specified in grounds 1 to 5, inclusive, of plaintiffs' said motion for a new trial, and the Court being otherwise fully advised in the premises.

"It is thereupon ORDERED and ADJUDGED that the said motion for a new trial be and the same is hereby granted upon said grounds, and that the verdict heretofore entered in said cause and the judgment entered herein predicated thereon, be and each of them are hereby set aside and held for naught, and a new trial be and the same is hereby granted to the plaintiffs. To which ruling of the Court the defendant excepts and said exception is hereby noted and allowed * * * ."

#### "ORDER GRANTING NEW TRIAL

"The above styled cause coming on this day for hearing upon the motion for new trial heretofore filed by the plaintiff therein, and the same having been argued by counsel for the respective parties, and the court being of opinion that it erred in refusing to allow the witness, Still, to testify as to whether the defendant maintained crossing gates or a watchman at the Pleasant Street crossing of the defendant railway, and in sustaining defendant's objection to such question, and that the court erred in granting the motion for a directed verdict in said cause, and in directing a verdict therein as set forth in the twelfth, thirteenth, first, and third grounds of said motion for a new trial, and the court being otherwise fully advised in the premises, it is, thereupon:

"ORDERED AND ADJUDGED that the said motion for a new trial be, and the same hereby is granted upon said grounds, and that the verdict heretofore rendered in said cause be, and the same hereby is granted. * * * "

The grounds of the motion for new trial referred to in the above orders are as follows:

604

"1. The Court erred in granting the motion for a directed verdict in said cause.

"2. The Court, in granting a motion for directed verdict in said cause, totally ignored both the law and the evidence.

"3. The Court erred in directing a verdict for the defendant.

"4. The verdict rendered in said cause was contrary to the law and the evidence.

"5. The verdict rendered in said cause was contrary to the law. * * *

"12. The Court erred in refusing to allow the witness, Still, to testify as to whether the defendant maintained crossing gates or a watchman at the Pleasant Street crossing of the defendant railway.

"13. The Court erred in sustaining defendant's objection to question propounded to the witness, Still, as to whether or not the defendant maintained crossing gates or a watchman at the Pleasant Street crossing."

The record contains the following: The witness, Still, Chief of Police of Avon Park, referred to in the order granting a new trial, testified for plaintiff:

"Q. On the date of the accident the through traffic was routed over Pleasant Street? A. Yes, sir.

"Q. Did that include trucks and automobiles? A. Just trucks.

"Q. Had you been routing that traffic over that street before that time? A. About 18 months * * * ."

"Q. Tell the jury whether or not the railroad company maintained any railroad gate across Pleasant Street where the Seaboard crosses Pleasant Street.

(Objection to the question was sustained) * * * "

The assignment of error is:

"The Court erred in granting Plaintiff's motion for a new trial by its order entered on the 24th day of May, 1937, and recorded in Minute Book 69, page 454, of the Minutes of said Court, and upon the grounds indicated in the said order."

The declaration filed July 6, 1936, alleges: "that heretofore on, to-wit: the 30th day of January, A. D. 1936, at the intersection of Pleasant Street and the tracks of the said Seaboard Air Line Railway Company in the City of Avon Park, Highlands County, Florida, a railroad train then and there operated and controlled by the agents and servants of defendants was negligently and carelessly operated by their said agents and servants into and against plaintiff's truck and trailer, then and there operated by plaintiff's servant and employee, thereby wrecking, demolishing and destroying plaintiff's said truck and trailer together with the stock of merchandise loaded thereon."

The pleas, filed July 6, 1936, were not guilty and contributory negligence. The exclusion of testimony as to whether there were railroad gates at the street crossing was argued in this court.

On writ of error to an order granting a new trial, the statute requires that the court "shall review the said order." Sec. 4615 (2905) C. G. L.; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 So. 1. The issue was whether the railroad train was at the crossing in a city street "negligently and carelessly operated" to the injury of the plaintiff. On such an issue the admission of testimony as to whether the railroad company maintained a "railroad gate across" the street might under proper circumstances be admissible, since the use of railroad gates at a street crossing in a municipality might be a part of the proper operation of the train over a surface street crossing.

The opinion filed herein is not in conflict with, but accords with, previous decisions of this Court. There is nothing in the opinion from which it may be inferred that the statutory presumption of negligence of defendants' employees may be regarded as evidence, upon proof of injury caused by the running of defendant railroad company's train. Plaintiff's evidence showed injuries alleged to have been caused by the running of the defendant's railroad train, therefore the statute placed upon the defendants the burden of showing that their employees exercised all ordinary and reasonable care and diligence in operating the train. See A. C. L. Ry. Co. v. Richardson, 117 Fla. 10, 157 So. 17.

In F. E. C. Ry. Co. v. Davis, 96 Fla. 171, 111 So. 842, there was no substantial evidence of negligence of the defendant railroad company, but the evidence showed that negligence of the injured party was the sole cause of the injury, and under the statute there could be no recovery from the defendant. Stevens v. Tampa Elec. Co., 81 Fla. 512, 88 So. 303.

In this case there is substantial evidence that when the injury occurred at a street crossing in a municipality, the railroad company's train was being operated at a rate of speed that, under the circumstances shown by the evidence, could reasonably be found by a jury to be not the exercise of "all ordinary and reasonable care and diligence" which is the measure of duty required by the statute in the operation of the trains of railroad companies in this State, even if negligence of the plaintiff's truck driver proximately contributed to the injury, for which a reduction should be made in the damages if any are awarded. If it be shown that negligence of the plaintiff's truck driver was the sole proximate cause of the injury, there can be no recovery.

On writ of error the defendants below contend that the trial court erred in granting a new trial after a directed

verdict for the defendants. The order granting a new trial stated among the grounds therefor, several which were in effect that the directed verdict is contrary to the evidence and the applicable law. This required a consideration of the evidence contained in the record and its legal effect under the pleadings and the controlling statutes. Secs. 4363 (2696), 7051 (4964), 7052 (4965) C. G. L.; Johnson L. & N. R. R. Co., 59 Fla. 305, 52 So. 195.

Under Section 4363 (2696) C. G. L. in the trial of a civil action at law after all the evidence of the parties shall have been submitted, the trial judge may direct a verdict for one party only when it is apparent to such judge "that no sufficient evidence has been submitted upon which the jury could legally find a verdict for" the other party; and a directed verdict is subject to the granting of a new trial by the trial judge.

"The judge should never give an affirmative charge directing a verdict for the defendant that is tantamount to an order sustaining a demurrer to the evidence, unless it is clear that there is no evidence whatever adduced that could in law support a verdict. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, the case should be submitted to the jury for their finding on the facts, and not taken from them to be passed upon by the judge as a question of laws." H. N. 1, Fla. Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 So. 558.

Section 7051 (4964) C. G. L. provides that a railroad company shall be liable for any damage done by the running of its locomotives, etc., "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." The presumption is of negligence of the company's agents. It is not evidence, and dis-

appears when the defendant railroad company adduces any substantial evidence that its agents were not negligent as alleged in the declaration; and the issues are then to be determined on the evidence as adduced by both parties.

Section 7052 (4965) C. G. L., provides that "no person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." This provision applies where the negligence of the plaintiff's agents, servants or employees was the sole cause of the alleged injury. If the plaintiff or his agent or employee and the agents of the defendant railroad company are both at fault, the plaintiff may recover, but the amount of the damages awarded shall be diminished in the proportion that the plaintiff's negligence bears to the combined negligence of both.

Under the above statutory provisions this court on the writ of error to the order granting a new trial after a directed verdict for the defendant receivers had been rendered, had to consider whether there was in the record any sufficient evidence upon which the jury could legally have found a verdict for the plaintiff in any amount, since under the statute contributory negligence does not bar recovery, but merely reduces the amount of the recovery.

While the evidence for the plaintiff tended to show negligence of the plaintiff's truck driver, it did not show that such negligence was the sole cause of the collision of the train and the truck at the street crossing. Plaintiff adduced evidence that tended to show that the speed of the train in approaching the crossing was such that the jury could under the circumstances of the case, if they believed plaintiff's witnesses, infer negligence of the defendants' employees for which if so found, some amount of damages may be recoverable, even though plaintiff's truck driver be shown to have been negligent, if the negligence of plaintiff's truck

driver was not the sole proximate cause of the injury. The evidence for the defendants tended to show that the operators of the train were not negligent; but that did not clearly show *as matter of law* as against the plaintiff's evidence, that the defendants' employees exercised all ordinary and reasonable care and diligence; nor did it show that negligence of the plaintiff's truck driver was the sole proximate cause of the collision and resulting injury, so as to warrant a directed verdict for the defendants. See F. E. C. Ry. Co. v. Davis, supra.

The necessary result of a consideration of the entire evidence under the pleadings and the applicable law is that in view of the conflicting and inconclusive evidence on the essential issues of negligence and contributory negligence and proximate cause under the pleas of not guilty and contributory negligence, the cause should have been submitted to the jury with proper instruction by the court under the pleadings and the law applicable to the evidence.

Rehearing denied.

TERRELL, C. J. and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.