L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers for Seaboard Air Line Railway Co., Plaintiffs in Error, v. W. H. GARY, Doing Business as Gary Manufacturing Company, Defendant in Error.

200 So. 854
Special Division B
Opinion Filed March 7, 1941

*L. W. Duval,* for Plaintiffs in Error;

*W. E. Smith,* for Defendant in Error.

BROWN, C. J.—The defendant in error brought suit in the circuit court of Marion County against the plaintiff in error for damages sustained to a motor truck and trailer belonging to the plaintiff below, operated by and in charge of his employee. The damage is alleged to have resulted from a collision caused by the negligence of the defendant's servants in the operation of defendant's passenger train at the time of the collision between the railroad company's train and the plaintiff's truck on a railroad crossing at the village of Oak, Florida. The declaration charged negligence of the railroad company's employees in operating the train. The defendant receivers plead the general issue of not guilty, and contributory negligence, in "that the carelessness and negligence of plaintiff's employee, Kara King, in charge of and driving the plaintiff's automobile truck and trailer at the time of the accident caused and/or contributed to the

injuries and damages the plaintiff complained of." There was a verdict and judgment for the plaintiff, and the defendant railroad company took writ of error.

The contentions of the railroad company are that the evidence adduced at the trial clearly absolved them and their employees in charge of the train from any negligence in the operation of the train; that their employees did everything that was legally required of them and everything possible to prevent the accident including the blowing of the whistle when approaching the crossing and the ringing of the bell; and that damages and loss suffered by the plaintiff as a result of the accident were due solely to the negligence of the plaintiff's employee in the operation of the damaged truck and trailer. The defendant's testimony as to the speed of the train was that it was running sixty miles per hour. One witness for plaintiff estimated it at 80 miles per hour. The whistling post was about 1,612 feet south of the crossing. There was testimony for defendant to the effect that the whistle was blown when the train was a half mile from the crossing and also again at the whistling post.

When, in appropriate proceedings, plaintiff shows by competent evidence that damage has been done to property by the operation of the railroad company's train, under Section 7051 (4964) of the Compiled General Laws, the burden then shifts to the railroad company to "make it appear that their agents have exercised all ordinary and reasonable care and diligence" in operating the train which is duly alleged to have been negligently operated when the injury occurred. And when the railroad company introduces substantial evidence to this effect, the statutory presumption of fact disappears. See Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Tampa Electric Co. v.

McCulloch, 115 Fla. 680, 156 So. 259; Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492. The probative effect of the evidence is to be determined by the jury, subject to authorized appellate review.

Several witnesses for the defendant railroad company testified affirmatively that warning blasts of the engine whistle were given, commencing at a whistle post approximately 1,600 feet from the crossing where the accident occurred, and also that the engine bell was ringing. The testimony of the plaintiff's witnesses was entirely negative, their testimony being that they did not hear the whistle blowing or the bell ringing. As stated in Seaboard Air Line Ry Co. v. Myrick, 91 Fla. 918, 109 So. 193:

"It is not alone sufficient for the injured plaintiff to say that he 'did not see' the approaching train, nor hear any whistle or bell or noise of its approach, in order to overcome positive evidence that all ordinary warnings were given of the train's approach. When negative testimony is relied upon to contradict positive evidence, it should appear that the negative statements were made by persons whose attention was directed to the fact that they were looking, watching, and listening for the fact. Not only that the opportunity for observing the fact existed, but that their attention was directed to the fact. The word 'see' or 'hear,' when used in a negative statement, is often used to express the negation of apprehension or conscious knowledge. One may see or hear and yet not observe; that is, not have any conscious knowledge of the object or noise he actually sees or hears, and, ordinarily, when questioned as to the fact, will say that he did not see or hear. Yet it is certain that in a case like this the defendant cannot be held liable for a failure of duty because the noise of the approaching train, the sounding of its whistle, and the ringing of its bell failed to awaken the mental activities of the person injured to

that degree where he could be said to have a conscious knowledge of the existence of the warning sounds."

See also Van Allen v. Atlantic Coast Line R. Co., 109 Fed. (2nd) 780.

The jury should not have arbitrarily disregarded the defendant's evidence in this respect and placed the blame for the injury on the railroad company, especially in view of the strong evidence of the negligence of the plaintiff's truck driver. One damaged in a highway-railroad crossing accident cannot recover from the railroad company for such damages unless it is made to appear from the evidence that the defendant company was guilty of negligence in failing to observe some duty which it owed to the public in general, or to the individual in particular, and that such failure was the proximate cause of the injury. See Seaboard Air Line Ry. Co. v. Myrick, *supra*.

The driver of the plaintiff's truck testified that he looked toward the south when he was about 100 to 150 yards from the crossing and looked toward the north when he stopped his truck 20 or 30 feet from the track, but seeing no train approaching, he started across the track. He testified that he did not again look toward the south, the direction from which the train was approaching. From the evidence it is apparent that had he done so he must necessarily have seen the train as there was an unobstructed view to the south for at least a quarter of a mile.

It was as much the driver's duty to ascertain if a train was approaching from the south as it was the duty of the railroad company to cause warnings by appropriate signals to be given of an approaching train operated by it. See Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426.

It appears from the evidence that the railroad company performed its duty of causing adequate warning signals to

be given as the train approached the highway crossing. It also is apparent from the driver's testimony that he failed to exercise ordinary care and prudence to ascertain whether or not a train was approaching before driving his truck upon the railroad track, and that he could have seen the train if he had looked. If the damage alleged was proximately caused solely by the negligence of the plaintiff or his agent driving the truck, there can be no recovery. The mere rapid speed of the train would not alter this well settled rule of law. See Atlantic Coast Line R. Co. v. Gornto, 89 Fla. 97, 103 So. 117; Covington v. Seaboard Air Line Co., *supra;* Powell v. Jackson Grain Co., supra. See, also, notes in 56 A. L. R. 647.

Nor does it appear that the defendant's showing by positive testimony that its agents and employees used all ordinary and reasonable care and diligence in operating the train as it approached the crossing was overcome by the negative testimony of the plaintiff's witnesses, and thus there was a lack of evidence to sustain the allegations of negligence on the part of the defendant railroad company.

Our conclusion is that the learned trial judge should have granted the defendant's motion for new trial.

The judgment is reversed.

WHITFIELD, TERRELL and CHAPMAN, J. J., concur.