**L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers for SEABOARD AIR LINE RAILWAY COMPANY, a corporation, v. JAMES ETTER.**

**L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of SEABOARD AIR LINE RAILWAY COMPANY, a corporation. v. ADA MAE ETTER, a minor by her next friend JAMES ETTER.**

10 So. (2nd) 441                               Division B
November 20, 1942

Knight & Thompson, for appellants.

McKay, Macfarlane, Jackson & Ferguson, for appellee.

PER CURIAM:

These suits were by consent of counsel and by an order of the lower court consolidated for trial. The litigation grew out of a collision between a Buick automobile and a passenger train operating between St. Petersburg and Tampa on January 1, 1941, about 12:30 during the day time, where the track of the Seaboard intersects 4th Avenue of the City of Tampa. Leonora Etter, a girl sixteen years of age, was killed and her sister Ada Mae Etter, fourteen years of age, sustained injuries. These girls were each gratuitous passengers in an automobile driven by Guice Couch.

The two declarations were identical and charged that the defendant carelessly and negligently operated its train in such a negligent manner as to collide with the automobile in which the two girls were riding. It was alleged that at the time of the collision the train

was being operated within the City of Tampa at a speed exceeding twenty miles per hour contrary to the provisions of an ordinance of the City of Tampa. The issues were submitted to a jury on pleas: (1) not guilty; (2) contributory negligence; (3) the negligence of the driver of the car was the proximate cause of the injury; (4) driving the car at a speed contrary to the ordinance; (5) failure of the Etter girls to protest at the speed the car was being driven; (6) driving on the crossing equipped with lights and signal bells which gave warning of the train approaching the crossing. From verdicts and judgments for plaintiffs below an appeal has been perfected to this Court.

Counsel for appellants contend that the primary question presented by the record for a decision by this Court is: does the evidence adduced at the trial sustain, as a matter of law, the verdicts for plaintiffs below and the judgments thereon? It is asserted that the facts involved in the two cases are controlled by the decision of this Court viz: Powell v. Gary, 146 Fla. 334, 200 So. 854; Roberts v. Powell, 137 Fla. 159, 187 So. 766; Van Allen v. Atlantic Coast Line R. Co. 109 Fed. (2nd) 780; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Southern R. Co. v. Mann, 91 Fla. 948, 108 So. 889; Covington v. Seaboard Air Line R. Co., 99 Fla. 1102, 128 So. 426.

It is the view of counsel for appellees that the question presented by the record is not so much a question of law but rather questions of evidence and fact as to the proximate cause of the collision. They suggest that the controlling questions for decision here is viz: A railroad train ran into and struck an automobile at an intersection of a main thoroughfare

in the City of Tampa. Plaintiffs were guest passengers in the automobile. There was substantial evidence to prove that both the automobile and the train were violating the City ordinance with respect to speed. Could a jury reasonably assume that the violation of the City Ordinance by the railroad train contributed to the proximate cause of the collision? The holding of this Court in Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492, is cited and relied upon to sustain the judgments entered in the lower court.

The suits at bar are bottomed on the several provisions of Sections 7051 and 7052 C.G.L., and the former decisions of this Court. If it is shown by competent evidence that an injury or damages were caused to persons or property by the operation of a train by a railroad company, then under the statute a presumption of fact is raised that the railroad company was negligent in the operation of the train. The statute then casts on the railroad company the burden of adducing evidence to make it appear that its agents have exercised all ordinary and reasonable care and diligence in the operation of the train which was alleged to have been negligently operated. See Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; A.C.L. R.R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Tampa Electric Co. v. McCulloch, 115 Fla. 680, 156 So. 259; Johnson v. L. & N. R. Co., 59 Fla. 305, 52 So. 195; Egley v. S.A.L. Ry. Co., 84 Fla. 147, 93 So. 170; Cason v. Florida Power Co., 74 Fla. 1, 76 So. 535; Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741.

If the evidence shows that the plaintiff's negligence or that his agent driving the car was the proximate cause of the injuries sustained then there can be no recovery. See Atlantic Coast Line R. Co. v. Gornto,

89 Fla. 97, 103 So. 313; Seaboard Air Line Ry. Co. v. Tomberlin, 70 Fla. 435, 70 So. 437; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 So. 247; Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426. See also notes in 56 A.L.R. 647.

If it is made to appear by the evidence that the damage or injury to the plaintiff was caused by the fault of both the plaintiff and the operation of the train by the railroad company, the amount of plaintiff's recovery, if any, is limited to such a proportion of the entire damage sustained by the plaintiff as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant, or its agents, in the premises. See Seaboard Air Line Ry. Co. v. Callan, 73 Fla. 688, 74 So. 799; Seaboard Air Line Ry. Co. v. Tilgham, 237 U. S. 499, 35 Sup. Ct. 653, 59 L. Ed. 1069; Davis v. Cain, 86 Fla. 18, 97 So. 305; Germak v. Florida East Coast Ry. Co., 95 Fla. 991, 117 So. 391; Seaboard Air Line Ry. Co. v. Watson, 103 Fla. 477, 137 So. 719; Florida East Coast Ry. Co. v. Townsend, 104 Fla. 363, 140 So. 196, 143 So. 445; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; Florida East Coast Ry. Co. v. Davis, 96 Fla. 172; 117 So. 842; Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426; Atlantic Coast Line Ry. Co. v. Weir, 63 Fla. 69, 57 So. 641; See also Stringfellow v. Atlantic Coast Line Ry. Co., 290 U. S. 322, 54 Sup. Ct. 175, 79 L. Ed. 339; Atlantic Coast Line Ry. Co. v. Richardson, 117 Fla. 10, 157 So. 17.

The testimony shows that one of the Etter girls was on the front seat with the driver of the automobile, while the other was on the rear seat when it approached the railroad crossing on 4th Avenue. Some buildings obstructed, in part, a view of the ap-

proaching Silver Meteor to the intersection of 4th Avenue with the crossing. Conflicts and disputes in the testimony exist as to: (a) the speed of the train; (b) signals of the train shortly prior to the collision; (c) the speed of the automobile; (d) the negligence of the driver of the automobile; (e) the obstructed vision of the driver of the automobile; (f) the danger signals at the crossing; (g) other pertinent issues. It is shown by the train crew and some five or six disinterested witnesses that the train was not being negligently operated when the collision occurred. The engineer did not see the approaching automobile from his left until after the collision. There is testimony to the effect that the train was traveling at a rate of speed from 15 to 45 miles per hour at the time of the collision. The train came to rest after the application of the emergency brakes after traveling from 150 to 175 feet, as shown by some of the witnesses, while a deductable inference is that the train required about 200 feet and upon this theory the rate of speed of the train was greater than prescribed by the ordinances of the City of Tampa.

It is our conclusion, after careful consideration of the entire record, that the conflicts and disputes in the testimony were for the jury under appropriate instructions upon the law of the case. The amount of the verdicts reflect a careful consideration of the comparative negligence charge given by the trial court. We fail to find error in the record.

Affirmed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, concur.