## FOSTER v. ST. LOUIS–SAN FRANCISCO RY. CO.

### Civil Action No. 294–P.

District Court, N. D. Florida,
Pensacola Division.

Feb. 18, 1948.

J. W. Kinsey, of Bristol, Fla., and E. E. Callaway, of Blountstown, Fla., for plaintiff.

W. H. Watson, of Watson & Brown, all of Pensacola, Fla., for defendant.

DeVANE, District Judge.

The above entitled cause came on for trial before this court, without a jury, under Rule 39 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the 22nd day of January, 1948. And the court having heard the testimony submitted and having considered the same, now makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. That on, before and after November 23, 1945, defendant was a railroad company owning and operating a line of railroad extending into and through several states, a portion of which railroad extended southward from Atmore, Alabama to Pensacola, Florida, over which railroad between Atmore, Alabama and Pensacola, Flordia, the defendant daily operated locomotives and trains of railroad cars.

2. On said railroad was and is a station, located in an unincorporated community, known as Walnut Hill, which is about 10 miles south of Atmore, Alabama, and about 42 miles north of Pensacola, Florida. At said point the railroad tracks for a mile

or more north and for a mile or more south from said station are straight and run approximately north and south. There is a paved or hard-surfaced highway, the surface or traveled portion being about 18 feet wide, which runs toward said railroad tracks from the east, to within a short distance of said railroad tracks, at a point approximately 500 feet north of the Walnut Hill, station, then turns south and parallels said tracks for about 500 feet, and then turns west and crosses said railroad tracks at grade level and almost at right angles and extends thence in a westerly direction beyond said tracks. About 50 feet south of the south line of said highway where it crosses said railroad is located the small Walnut Hill station building. The facts and physical conditions here found, existed at the time and place of the accident and damage sued for.

3. On the morning of November 23, 1945, Otis Daughtry, an employee of plaintiff, was driving westerly on the highway, above mentioned, a motor truck for the plaintiff, loaded with stumpwood of the plaintiff, which said driver was hauling from a point off the railroad of defendant to be loaded on railroad cars at Walnut Hill station, the place of such loading being west of said railroad tracks. With said Daughtry, and occupying with him the cab seat of said motor truck, were Rubin Payne and Dave Knox, both of whom were also employees of the plaintiff. The motor truck driven by Daughtry came to a stop just as it reached a point on the highway where the highway turned west to cross the railroad tracks. This stop was occasioned by the approach of an automobile from the opposite direction, which was, at the time, crossing the railroad tracks. After the other automobile had passed Daughtry, he proceeded around the curve and on to the railroad tracks right in front of an approaching freight train. The driver of the other automobile testified that Daughtry could not see the approaching freight train from the position he occupied in the cab of the motor truck, from the point where the motor truck came to a stop. Daughtry testified that he did not hear the whistle or the bell or see the freight train approaching until he had driven upon the railroad tracks

and before he could get over the crossing the freight train struck the motor truck. It was completely demolished.

4. The force of the collision also disabled the locomotive of defendant, occasioning damages and losses to defendant in the sum of $297.45, which defendant seeks to recover by counterclaim, made pursuant to Rule 13 (a) of the Rules of Civil Procedure. Plaintiff raised no question as to any of the items of the counterclaim, relying entirely and exclusively on his right to recover, which, if correct would defeat the counterclaim.

5. There is no conflict in the testimony to the effect that the freight train was traveling approximately thirty-five miles per hour as it approached the crossing. There is no law in Florida regulating the speed of trains over highway crossings outside the corporate limits of an incorporated city or town. There is, however, sharp conflict as to whether the employees of defendant sounded the whistle and rang the bell as the train approached the crossing. Plaintiff produced three witnesses who testified they did not, and defendant produced ten witnesses, seven of whom were not railroad employees, who testified they did hear the whistle and bell. The court is convinced from the evidence that the engineer blew the whistle, rang the bell before reaching the crossing and did everything possible to stop the train and avoid the accident when he saw the motor truck drive upon the crossing.

6. The driver of the truck for plaintiff had, many times before, driven over the highway crossing where the accident occurred and was well acquainted with it. At the time of the collision it was daylight with good visibility. Despite the fact that Daughtry failed to see the approaching freight train, he gave no justifiable reason for this failure. Daughtry having brought his motor truck to a stop within a few feet of the railroad track, in a position where he could not look and see, was under the duty to do so when he rounded the curve in low gear, as he testified he was driving, before attempting to make the railroad crossing. Had he looked, as the law of Florida requires he must do (Roberts v. Powell, 137 Fla. 159, 187 So. 666 and

Powell v. Gary, 146 Fla. 334, 200 So. 854), he would, of necessity, have seen the train as there was an unobstructed view to the north for at least a mile. He was under a special duty to look as the noise of the motor truck providing power, in low gear, for a heavy load, could have, and no doubt did, seriously interfere with his ability to hear the warning signals of the approaching freight train.

7. The court finds from all the testimony in this case that the negligence of the agent of plaintiff was the sole proximate cause of the accident in this case; that defendant was not guilty of any negligence, which caused or proximately contributed thereto; and that defendant is entitled to recover on its counterclaim filed herein.

### Conclusions of Law.

The court, upon the facts found and above mentioned, makes the following conclusions of law:

■ 1. That the engineer and others on a railroad locomotive approaching a highway crossing of the railroad tracks have the right to presume that the driver of a motor vehicle on a highway, crossing the railroad tracks, is in possession of his faculties and will keep off the tracks when a train is approaching in close proximity of the crossing. In such cases, under the law of Florida, it is not the duty of those on the locomotive to slow down or stop unless and until they see and realize that the driver of the motor vehicle cannot or will not keep off the tracks in front of the locomotive and avoid the danger of collision therewith. Atlantic Coast Line Railroad Company v. Miller, 53 Fla. 246, 44 So. 247; Seaboard Airline Railroad v. Tomberlin, 70 Fla. 435, 70 So. 437; Louisville & Nashville Railroad Co. v. Harrison, 78 Fla. 381, 83 So. 89; Dina v. Seaboard Air Line Railroad Company, 90 Fla. 558, 106 So. 416; Callaway v. Eason, 248 Ala. 523, 28 So.2d 560.

■■ 2. Under the law of Florida, railroad trains have the right-of-way at highway crossings over the tracks of the railroad and while their rights and the rights of travelers on the highway are reciprocal, it is as much the duty of the drivers of motor vehicles on the highway to look for trains and avoid them as it is the duty of the railroad employees to look for motor vehicles and to cause warnings. It is the duty of the driver of a motor vehicle approaching a highway crossing over a railroad at the same time the train is also approaching said crossing, to yield to the train and avoid collision with it. Roberts v. Powell, 137 Fla. 159, 187 So. 666; Powell v. Gary, 146 Fla. 334, 200 So. 854.

 3. That the plaintiff is not entitled to recover from the defendant any damages for the injury to and destruction of his truck.

4. That the defendant is entitled to recover from the plaintiff its damages sued for in its counterclaim filed in this cause, which damages are here found and assessed in the sum of $297.45, and costs to be taxed by the Clerk of this court.

Appropriate Judgment will be entered in this cause, that the plaintiff take nothing by his complaint and that the defendant have and recover of and from the plaintiff its damages here found and assessed in its counterclaim and for its costs in and about this cause.