WIGGINTON, Chief Judge
(dissenting).
This is an action for personal injuries arising out of a grade crossing collision which resulted in the automobile driven by plaintiff being struck by the locomotive of a railroad train operated by defendant. The cause of action is grounded upon the alleged negligence of the defendant in the operation of its locomotive. At the conclusion of all the evidence the trial court directed a verdict in favor of defendant upon which final judgment was entered and from which judgment this appeal is taken. By his principal point on appeal appellant contends that the evidence, considered in a light most favorable to plaintiff, creates a genuine issue as to the defendant’s negligence and that the court erred in deciding this issue by withdrawing the case from the jury and directing a verdict for defendant.
The testimony reveals that at the heavily traveled crossing where the collision occurred defendant’s railroad track runs perpendicular to the road in a straight line for several miles in a northerly direction. A view of the track to the north on which defendant’s train was traveling southward was unobstructed. As plaintiff approached the crossing in his automobile during daylight hours he came to a stop at the cross-arm warning sign some fifty feet from the railroad track. He looked both to his right and left to determine whether any train was approaching, but saw none. He likewise testified that he heard no signals-warning of the train’s approach. A witness for the plaintiff who was in the close vicinity of the crossing likewise testified' that no whistle was blown or bell rung warning of the train’s approach. Another witness testified that as he was walking away from the crossing, he heard the train whistle blow only one time, and thereafter he walked a distance of some two hundred yards before hearing the impact of the collision between the train and the plaintiff’s automobile.
Plaintiff testified that after bringing his vehicle to a stop, he shifted into first gear and proceeded slowly toward the crossing, and had shifted into second gear just prior to reaching the track on which the train was traveling. As the rear end of plaintiff’s vehicle was about to clear the last rail of the track, it was struck by the locomotive demolishing the vehicle and inflicting serious injuries on plaintiff. Another witness for plaintiff testified that the train was traveling approximately ninety miles an hour as it approached the crossing on which the collision occurred.
Defendant's fireman testified that he saw plaintiff’s automobile slow down as if to stop, but when the vehicle started moving faster toward the crossing he shouted a warning to the engineer but for some reason his shouts were not heard. The fireman took no action to apply the emergency brake on the locomotive which was available to him had he seen fit to use it. The engineer testified that although he was keeping a lookout ahead, he never saw plaintiff’s vehicle until after the collision. He never released the throttle or applied the brakes until after the impact. The testimony of the railroad company employees and witnesses was to the effect that all normal warning signals were being given of the train’s approach toward the crossing, in- *766 eluding the blowing of the whistle and the ringing of the bell.
The foregoing evidence is clearly susceptible of the inference that plaintiff was free from negligence in attempting to negotiate the railroad crossing, having looked in both directions, seen no train approaching at that time, and heard no signal warning of the train’s approach. On the other hand the jury could have concluded that plaintiff was negligent in looking but failing to observe the approach of the train before he attempted to negotiate the crossing. Despite such conclusion, the evidence is clearly susceptible of the inference that had the engineer been keeping a lookout ahead as was his duty under the law, he would have seen plaintiff stop his vehicle and then proceed slowly toward the tracks with the obvious intent of crossing at a time when the locomotive was a substantial distance north of the point where the collision occurred. If so, it then became a question for the jury to determine as to whether under these circumstances the engineer exercised the reasonable care required of him to either stop or decrease the speed of his locomotive so as to permit plaintiff to cross over the track ahead of the train, thereby avoiding the collision.[1] Under either view which may have been taken by the jury from the evidence adduced before it, it could have found that plaintiff was free from negligence, or that both plaintiff and defendant were guilty of some degree of negligence. Either conclusion would have justified a verdict in plaintiff’s favor.[2]
It is my view of the law as applied to the facts in this case that the issue of defendant’s negligence, and the comparative negligence of plaintiff, if any, were issues which could properly be decided only by the jury.[3] For the foregoing reasons I would reverse the judgment appealed and remand the cause for a new trial.

. Martin v. Makris, Fla.App.1958, 101 So.2d 172; Loftin v. Nolin, Fla.1950, 86 So.2d 161.

. F.S. Sec. 768.06, F.S.A.; Hutton v. Atlantic Coast Line R. Co., Fla.1957, 92 So.2d 528.

. Tyus v. Apalachicola Northern Railroad Company, Fla., - So.2d -; Myers v. Atlantic Coast Line Railroad Company, Fla.1959, 112 So.2d 263; Powell v. Gary, 146 Fla. 334, 200 So. 854.