312 So.2d 512 (1975)
FORTE TOWERS SOUTH, INC., Etc., et al., Appellants,
v.
HILL YORK SALES CORP., a Florida Corporation, Appellee.
No. 74-1118.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
*513 Adams, George, Wood, Lee, Schulte & Thompson and David L. Willing, Miami, for appellants.
Meltzer, West, Friesner & Goldman, Miami, Melvyn Trute, Bay Harbor Island, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
Forte Towers South, Inc., Arkin Construction Company, Inc., and the Travelers Insurance Company, plaintiffs in the trial court, appeal from a directed verdict entered at the conclusion of the presentation of their case in a jury trial.
The question is whether the evidence presented by the plaintiffs established a prima facie case of negligence and breach of warranty. The evidence disclosed that Hill York Sales Corporation, defendant, was contracted by Arkin Construction Company in 1966, to design and install the air conditioning system in the Forte Towers South apartment building on Miami Beach. Further evidence disclosed that in 1969 and 1970, certain water lines to individual apartments ruptured on several occasions causing damage to carpeting, flooring and furnishings. The plaintiffs' expert witnesses testified that the air conditioning unit was defective in that when leakage began, the capillary bulb, which opens circuits and shuts down the pumps when water temperature rises, had to be bypassed; that one of the pipes was only partly connected by a three-thread turn; that there was an insufficient supply of condensing water; and that the control switches were defective, a defect not disclosed by ordinary inspection. At the close of the plaintiffs' case, the court granted the defendant's motion for a directed verdict and then entered final judgment for the defendant. This appeal ensued.
Hill York contends that the directed verdict was proper since the plaintiffs' general contractor and architect inspected and approved the air conditioning system, and that no evidence of negligence or of breach of implied warranty had been presented. When there is substantial evidence tending to prove an issue upon which the judge could lawfully find for a plaintiff, it is reversible error to direct a verdict for the defendant. Powell v. Jackson Grain Company, 1938, 134 Fla. 596, 184 So. 492. We find that there was ample evidence of both negligence and breach of implied warranty to establish a prima facie case. The plaintiffs' case warranted submission to the jury and should have survived the motion for directed verdict. The defendant cites City National Bank of Miami v. Chitwood Construction Company, Fla.App. 1968, 210 So.2d 234, as authority for the proposition that contractors are not liable for damages from negligent installation *514 occurring after the contractor has completed the work and turned the project over to the owner or employer and it has been approved and accepted by him or his agent. We find, however, that this rule has limitations and is not applicable to the situation sub judice, where the defect is latent and not discoverable by a reasonably careful inspection. See Slavin v. Kay, Fla. 1959, 108 So.2d 462. In addition, an air conditioning system which is attached and immovable carries an implied warranty of fitness and merchantability even when it is sold with an express warranty which purports to limit the guarantee to one year. Gable v. Silver, Fla.App. 1972, 258 So.2d 11.
Therefore, the directed verdict for the defendant and the final judgment entered pursuant thereto, are reversed and remanded to the trial court for further proceedings.